**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| T-NETIX, INC., and EVERCOM SYSTEMS, INC. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:06-CV-426 (TJW) |
| GLOBAL TEL*LINK CORP., et al. | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant FSH Communications, LLC's ("FSH") Motion to Dismiss for Lack of Personal Jurisdiction and Venue, or, in the Alternative, to Sever and Transfer the Claims Against Defendant FSH to the United States District Court for the Northern District of Illinois, Eastern Division in Response to Plaintiffs' Second Amended Complaint (Docket Entry #113), which adopts and incorporates Defendant FSH's Motion to Dismiss for Lack of Personal Jurisdiction and Venue, or, in the Alternative, to Sever and Transfer the Claims Against Defendant FSH to the United States District Court for the Northern District of Illinois, Eastern Division (#44), and all related briefing. The defendant requests that this case be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), or in the alternative, that this case be transferred to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) and Fed. R. Civ. P. 20 and 21. After carefully considering the parties' written submissions, the defendant's motion is DENIED for the reasons set forth in this opinion.

**I.    Background**

In their Second Amended Complaint, Plaintiffs T-NETIX, Inc. ("T-NETIX") and Evercom

Systems, Inc. ("Evercom") allege that defendant FSH infringes United States Patent Nos. 4,933,966 ("the '966 patent"); 6,560,323 ("the '323 patent"); and 7,042,992 ("the '992 patent"). Generally, these patents relate to inmate calling services and pay telephone services.

Plaintiff T-NETIX is a Delaware corporation with its principal place of business in Dallas, Texas. Plaintiff Evercom is a Delaware corporation with its principal place of business in Dallas, Texas. Defendant FSH is a Delaware corporation with its principal place of business in Chicago, Illinois.

## II. Discussion

### A. Personal Jurisdiction

#### 1. Legal Standard

In patent infringement actions, personal jurisdiction is governed by Federal Circuit law. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194 (Fed. Cir. 2003). The existence of personal jurisdiction over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). Texas' long-arm statute extends to the limits of due process, *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000); therefore, the two inquires collapse into a single inquiry of whether the exercise of personal jurisdiction comports with due process. *See Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998).

There are two types of personal jurisdiction: specific and general. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). Specific jurisdiction requires that the plaintiffs' claims arise from or relate to the defendant's contacts with the forum. *Silent*

*Drive*, 326 F.3d at 1200.

Here, the defendant has an ongoing business relationship with Value Added Communications ("VAC"), located in Plano, Texas.  FSH contracts VAC to provide services and equipment related to inmate calling services and long distance telephony.  *See* APP 00216.  The activities conducted by VAC on FSH's behalf are alleged by the plaintiffs to perform steps claimed in the '992 Patent. *See e.g.*, *Ralston Purina Co v. Far-Mar-Co, Inc.*, 586 F.Supp. 1176, 1225, *aff'd in part, rev'd in part on other grounds*, 772 F.2d 1570 (Fed. Cir. 1985) ("It is well settled that a party cannot avoid infringement merely by having a third-party practice one or more of the required steps.")  This relationship is sufficient to allow the exercise of specific jurisdiction in the Eastern District of Texas as it potentially gives rise to patent infringement.

The next inquiry is whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice," i.e., whether it is reasonable under the circumstances of the case.  *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).  The "reasonableness" analysis is guided by the following factors:  (1) the burden that the exercise of jurisdiction will impose on the defendant, (2) the interests of the forum state in adjudicating the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy, and (5) the shared interest of the states in furthering substantive social policies.  *Asahi Metal Ind. Co., Ltd. v. Superior Ct. of Cal., Solano City*, 480 U.S. 102, 113-14, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). Here, the defendant actively seeks business in Texas and maintains a relationship with VAC. It is consistent with traditional fairness considerations for this court to exercise personal jurisdiction over FSH.

### B. Venue is Proper

Defendant FSH contends that venue is improper in the Eastern District of Texas pursuant to 28 U.S.C. §1400(b) and 28 U.S.C. §1391(c). Venue in a patent case is governed by 28 U.S.C. §1400(b) which states that a suit for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The "first test for venue under §1400(b) with respect to a defendant that is a corporation, in light of the 1988 amendment to §1391(c), is whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). As discussed above, this court has jurisdiction over FSH based on the activities conducted by VAC on its behalf. Therefore, venue is proper in the Eastern District of Texas.

### C. Severance and Transfer of Venue

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances private and public interest

factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors are the following: (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The public interest factors involve the following: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

### A. Private Factors

#### 1. Plaintiff's Choice of Forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The plaintiff chose to bring its suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

#### 2. The Convenience of the Parties and the Witnesses

The court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. Both plaintiffs are located in Texas and FSH is located in Illinois. Additional defendants in the case are located in Alabama, California, and New Jersey.

Accordingly, the convenience of the parties is a neutral factor with respect to transfer.

The court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed*, 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

In its Motion, as well as its reply to Plaintiffs' response, FSH does not list any non-party witnesses. Rather, FSH points only to the location of the "majority of FSH's senior executive management team." *Defendant's Motion* at 15. Furthermore, this court must be mindful that many patent infringement cases are driven by expert testimony. *Source, Inc. v. Rewards Network, Inc.*, 2005 WL 2367562, *2 (E.D. Tex. Sept. 27, 2005). In the court's view, the convenience of non-party witnesses does not weigh in favor of transfer.

      3.      <u>The Place of the Alleged Wrong</u>

The plaintiffs allege that a step of one of the claims is performed by VAC on behalf of FSH in the Eastern District of Texas. *See* Exhibit M to *Plaintiffs' Response* at APP00261 (a FSH document showing the "VAC Technical Assistance Center" in "Plano, Texas" as part of the "ITS System Data Access"). FSH argues that "this factor is, at best, inconclusive." *Defendant's Reply* at 10. The court agrees that this factor is inconclusive and gives it no weight.

      4.      <u>The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process</u>

Given the location of the parties, it is likely that there will be witnesses located outside of Illinois and Texas. Accordingly, this factor is neutral as to transfer.

     5.     <u>The Availability and Location of Sources of Proof</u>

The defendant contends that a majority of the documentary proof is located in Illinois. The increasing ease of storage and transportation, however, makes this factor less significant. *See Tinkers & Chance v. Leapfrog Enterprises, Inc.*, 2006 WL 462601, *5-6 (E.D. Tex. Feb. 23, 2006). Documents can easily be transported to Marshall, Texas. This factor slightly favors transfer.

     6.     <u>The Possibility of Delay and Prejudice if Transfer is Granted</u>

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

    **B.**    **Public Interest Factors**

     1.     <u>The Administrative Difficulties Caused by Court Congestion</u>

The plaintiffs argue that the median time interval from filing to disposition of civil cases in the Northern District of Illinois is 26.4 months compared to 14.5 months in the Eastern District of Texas. *Plaintiff's Response* at 21. As the defendant points out, these statistics do not provide data for patent cases, which tend to have special rules and procedures. In the court's view, this factor is neutral as to transfer.

     2.     <u>The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty</u>

Other forums may have a stronger interest in adjudicating this matter than the Eastern District

of Texas, however, this District is not without interest as some of the alleged infringing activities took place in Plano, Texas.  While this factor weighs slightly in favor or transfer, the local interest of the transferee forum in not enough to tip the balance and upset the plaintiffs' choice of forum.

       3.      <u>The avoidance of unnecessary problems in conflict of laws</u>

Patent claims are governed by federal law.  This court and the court in the Northern District of Illinois are both capable of applying patent law to infringement claims.  Therefore, this factor is neutral as to transfer.

### III.   Conclusion

For the reason stated above, this court has jurisdiction over the defendant, venue is proper in this District, and the defendant has failed to satisfy its burden of showing that the balance of convenience and justice substantially weighs in favor of transfer in this case.  Accordingly, Defendant's Motion, to Dismiss for Lack of Personal Jurisdiction and Venue, or in the Alternative, to Sever and Transfer is DENIED.

      SIGNED this 26th day of September, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE